## Agnes Field v. Lucy Devereaux et al.

VERDICT—*when set aside as against the evidence.* A verdict unwarranted by the evidence will be set aside on review.

Assumpsit. Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the November term, 1906. Reversed and remanded. Opinion filed June 1, 1907.

WILLIAM R. BRAND, for plaintiff in error.

S. P. ROBINSON, for defendants in error.

MR. PRESIDING JUSTICE RAMSAY delivered the opinion of the court.

Agnes Field brought suit in the Circuit Court of McLean county, against Lucy Devereaux and her husband, John J. Devereaux, upon a promissory note, dated May 10, 1899, for the sum of $500. Lucy Devereaux and John J. Devereaux pleaded payment, and upon trial before a jury upon that issue a verdict was returned in their favor. Judgment was rendered upon the verdict, and Agnes Field appealed.

It appears from the evidence that appellant and Lucy Devereaux were sisters; that their mother conveyed to them a house and lot in Bloomington, Illinois, and that on the tenth day of May, 1899, Lucy Devereaux bought her sister's interest in said property at $500, received a deed therefor and made a note for that sum due in four years from said date, with interest payable annually, which note was signed by herself and John J. Devereaux, and was secured by a mortgage upon said property.

Payments, mostly in sums of five dollars each, were made upon said note until about the middle of March, 1902, at which time about $120 had been paid on said note, and when, it is claimed by appellee, appellant agreed to accept five dollars, in addition to the sums

that had been already paid, in full satisfaction of said indebtedness and to deliver up the note and mortgage.

Whether or not the said note was thus to be treated as fully satisfied, was the only question submitted to the jury. Appellant assigns as error the refusal of the court to grant a new trial and contends that the finding of the jury was against the manifest weight of the evidence. Upon that contention we are constrained to hold that error is well assigned.

It is claimed by appellee, Lucy Devereaux, that appellant came to her home in Bloomington, in March, 1902, only a little over one year before said note was due, and agreed that if said Lucy would pay appellant in cash the sum of five dollars, in addition to what had already been paid, appellant would surrender and give up said note and mortgage, and that appellee then paid said sum of five dollars and received the said note and mortgage.

The oral evidence concerning this claim is very conflicting and unsatisfactory. Lucy Devereaux testified that the note, upon payment of five dollars, was, by agreement, treated as her own and surrendered to her as satisfied; that she had the note in her possession continuously from March, 1902. John J. Devereaux testified that he saw the note and mortgage in his wife's hands and heard her say in the presence of the appellant, that the note was hers and was at an end. This testimony appellant denied and said that she never made the arrangement alleged by appellees, and that she never gave or surrendered the note to said Lucy; that the same was all the while in her possession until she wanted to have it renewed in 1903, when she sent it to one D. J. Sammon for the purpose of having him take a renewal note for her. Sammon testified that he, as attorney for appellant, had the note in his safe and in his keeping at the time Lucy Devereaux claimed to him that she had the note and mortgage in her possession.

If the verdict had been rendered upon such sharply conflicting evidence alone, we would not be disposed to disturb it, but such is not the case. Appellant introduced in evidence a written statement of account between the sisters in the handwriting of Lucy Devereaux in which it appears that she paid appellant $5 upon each of six different occasions after March, 1902, in which written statement said six payments were credited, among or with other payments, aggregating $153.50, which she deducted from the loan of $500, leaving a balance unpaid appellant upon such statement of $346.50. There were also introduced in evidence receipts for four of said payments of $5 each, dated respectively, May 1, 1902, June 25, 1902, August 15, 1902, and September 4, 1902, in which it was stated that appellant received said sums *on mortgage note.*

This statement in writing, appellee, Lucy Devereaux, attempted to explain by saying that she made it to show what the balance was when they called it square, but she did not offer any reasonable explanation of how she came to make payments upon said indebtedness *after March, 1902,* in precisely the same manner as she had prior to that time, nor how she came to take receipts from her sister for the amounts so paid *on the mortgage debt.*

This action upon the part of said Lucy Devereaux, evidenced by this statement and these receipts, was wholly inconsistent with her theory of payment in full, and no sufficient explanation thereof was made to appear. The verdict of the jury was unwarranted by the evidence and should have been set aside.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*